IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONALD S. GUZMAN, | CIV. NO. 21-00202 DKW-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, NONTAXABLE EXPENSES, AND POST JUDGMENT INTEREST |
| COUNTY OF MAUI,  MAUI COUNTY COUNCIL, MAYOR MICHAEL VICTORINO, IN HIS OFFICIAL CAPACITY; | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, NONTAXABLE EXPENSES, AND POST JUDGMENT INTEREST**

Before the Court is Plaintiff Donald S. Guzman's ("Plaintiff") *Motion for Attorneys' Fees, Nontaxable Expenses, and Post Judgment Interest* ("Fee Motion"), filed on February 10, 2023.  ECF No. 142.  Plaintiff and Defendants Count of Maui, Maui County Council, Mayor Michael Victorino ("Mayor Victorino"), in his official capacity, (collectively "Defendants") have engaged in the pre-motion meet and confer as required by Rule 54.2(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("LR" or "Local Rules").  ECF No. 142-2.  After working together on disputed issues, the

parties arrived at an agreement on the lodestar figure, $119,630.84,[1] and agree that

Plaintiff should be awarded expenses in the amount of $136.42.  ECF No. 140.

However, the parties disagree on whether the lodestar calculation should be

reduced based on the factors in *Kerr v. Screen Extras Guild, Inc.* factors ("Kerr

factors") that have not been subsumed in the lodestar calculation.

The Court finds this matter suitable for disposition without a hearing

pursuant to LR7.1(c).  After careful review of the *Fee Motion*, supporting and

opposing memoranda and supplementals, records in this case and relevant legal

authority, the Court **FINDS** and **RECOMMENDS** that the *Fee Motion* be

**GRANTED IN PART** and **DENIED IN PART**.  Plaintiff should be awarded

$73,924.00 in attorneys' fees, $8,682.72 for work performed in connection with

bringing this *Fee Motion*, and $120.00 in nontaxable expenses.  The Court **FINDS**

that Plaintiff is entitled to post-judgment interest and thus, **RECOMMENDS** that

such request be **GRANTED**.

---

[1] In its *Order Directing Plaintiff to File a Supplement Addressing Deficiencies in Plaintiff's [Fee Motion]*, this Court noted that there was an error in the *Fee Motion*.  Plaintiff requests $119,630.**64** for work performed, but in the memorandum in support of the *Fee Motion*, Plaintiff requests $119,630.**84**.  ECF No. 142 at PageID.1515 & ECF No. 142-1 at PageID.1521.  Although the Court stated that it would refer to the lower amount, $119,630.64, the Court has made its calculations and determined that $119,630.84 is the correct amount Plaintiff requests in its *Fee Motion*.

## BACKGROUND

Plaintiff commenced this case on April 23, 2021 alleging three claims for relief: (1) Violation of the Constitutional Right to Privacy, Actionable Pursuant to 42 U.S.C. § 1983 ("First Claim"); (2) Violation of the Constitutional Right to Due Process, Actionable Pursuant to 42 U.S.C. § 1983 ("Second Claim"); and (3) Violation of Haw. Rev. Stat. § 378-2(a)(1)(A) ("Third Claim").  These claims arise from Plaintiff's termination as the Prosecuting Attorney for the County of Maui and was brought in federal court under federal question jurisdiction.  ECF No. 1 at PageID.2-6.

On July 26, 2021, approximately three months after Plaintiff filed the *Complaint*, Defendants filed a *Motion for Summary Judgment*.  ECF No. 13.  On October 6, 2021, the district court issued its *Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment* ("Summary Judgment Order").  ECF No. 26.  The *Summary Judgment Order* granted the *Motion for Summary Judgment* as to counts one and three of the *Complaint*, but was denied as to count two.  *Id.*  On March 24, 2022, Plaintiff filed a *Motion for Partial Summary Judgment on Count II of the Complaint*.  ECF No. 39.   On June 25, 2022, the Court issued its *Order Granting Plaintiff's Motion for Partial Summary Judgment*, which granted Plaintiff summary judgment on the last remaining claim, count two,

the procedural due process claim.  ECF No. 56.  The only issue remaining for trial was the calculation of damages.  ECF No. 57.

Jury trial on the damages issue commenced on November 28, 2022, and a verdict was reached on December 7, 2022.  ECF Nos. 112 & 128.  The jury found that Plaintiff suffered damages, but that Plaintiff would have been terminated even if Plaintiff had adequate procedural due process.  ECF No. 128 at PageID.1390.  However, the jury awarded Plaintiff damages of $75,000.00 because it found that the lack of procedural due process caused Plaintiff mental or emotional distress.  *Id.* at PageID.1392.  Judgment was entered on December 21, 2022.  ECF No. 137.

On January 31, 2023, the parties entered into and filed a *Stipulation re Lodestar, Nontaxable Expenses, and Briefing re Fee Motion* ("Stipulation").  ECF No. 140.  The *Stipulation* states that the parties "stipulate and agree that the lodestar calculation in this case is $119,630.84" and that Plaintiff should be awarded $136.42 in expenses.  *Id*. at PageID.1440.  The *Stipulation* also states that "the only remaining dispute is whether the lodestar calculation should be reduced based on the *Kerr v. Screen Extras Guild, Inc*. factors that have not been subsumed in the lodestar calculation."  *Id*.; *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Shortly thereafter, Plaintiff filed the instant *Fee Motion* on February 10, 2023 in which Plaintiff requested the lodestar figure the parties stipulated to

$119,630.84, and argued that this figure should not be reduced based on any of the *Kerr* factors.  However, Plaintiff did not submit timekeeping records for all attorneys.

On February 15, 2023, Defendants filed its *Memorandum in Opposition to Plaintiff's [Fee Motion]* ("Opposition").  ECF No. 143.  In the *Opposition*, Defendants agree that Plaintiff is indeed the prevailing party in this case and "is entitled to an award of reasonable attorney's fees[.]"  ECF No. 143-1 at PageID.1591 & 1599.  However, Defendants argue that Plaintiff's success was "scant" and although reductions to the lodestar are rare, the attorneys' fees awarded should be "'commensurate with the extent of the [P]laintiff's success.'"  *Id.* at 1591 & 1602 (citing *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (9th Cir. 1994)).  Defendants urge this Court to reduce the agreed upon lodestar amount by 40%.  ECF No. 143-1 at 1610-1612.

On February 22, 2023, Plaintiff filed a *Reply in Support of [its Fee Motion]*.  ECF No. 144.  Plaintiff alleges that the stipulated lodestar amount should not be reduced because the two claims dismissed by the *Summary Judgment Order* was done early, approximately six months after the *Complaint* was filed.  *Id.* at PageID.1660.  Plaintiff argues that a comparison of the damages awarded versus the amount sought, and the amount of damages awarded in comparison to the attorneys' fees requested should not warrant a downward adjustment in the

stipulated lodestar and that such arguments lack merit. *Id.* at 1662-1665. Plaintiff

also argues that reductions should not be made because Plaintiff's litigation was a

significant public benefit. *Id.* at 1665-1670. Plaintiff further argues that the jury's

verdict – that Plaintiff's termination was justified – should not be a basis for a

reduction. *Id.* at 1670.

The Court reviewed the parties' submissions but noted that the *Fee Motion*

only submitted attorney Roman Amaguin's timekeeping. The *Fee Motion* failed to

submit any timekeeping records for attorneys Megan Kau and Audrey Stanley.

The Court "has its own 'independent duty to review the submitted itemized log of

hours to determine the reasonableness of the hours request in each case.'" *HB*

*Prods., Inc. v. Faizan*, Civ. No. 19-00487 JMS-KJM, 2022 WL 2529864, at *7 (D.

Haw. June 7, 2022), *report and recommendation adopted*, Civ. No. 19-00487 JMS-

KJM, 2022 WL 2340694 (D. Haw. June 29, 2022) (citing *Irwin v. Astrue*, No.

3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing *Sorenson*

*v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)). The Court thus directed Plaintiff to

submit a supplemental memorandum to the *Fee Motion* "to provide the Court with

argument, evidence and timekeeping documentation in support of the parties'

agreement that the hours requested and hourly rates—the lodestar amount—are

reasonable." ECF No. 145 at PageID.1683. Plaintiff also requested $4,319.37 in

the *Fee Motion* for the preparation of the *Fee Motion*, $136.42 in expenses, and an award of post judgment interest. ECF No. 142-1 at PageID.1521.

On June 15, 2023, Plaintiff filed its *Supplemental Memorandum in Support of Plaintiff's [Fee Motion]* ("Plaintiff's Supplemental"). ECF No. 146. However, Plaintiff did not submit the timekeeping records for the stipulated lodestar amount, but submitted timesheets that included entries that the parties agreed to eliminate. ECF No. 146-4. Further, Plaintiff claimed that the hourly rate of $400.00 was reasonable for attorney Megan Kau, when in the initial *Fee Motion*, Plaintiff requested the hourly rate of $380.00 – the rate the parties had agreed to in the *Stipulation*. ECF No. 146 at PageID.1688.

On June 21, 2023, Defendants filed *Memorandum in Opposition to [Plaintiff's Supplemental]* ("Defendant's Supplemental"). ECF No. 147. Defendants argue that Plaintiff did not follow the Court's instructions for the supplemental and "unilaterally argued for additional fees and higher rates that what [the parties] agreed to." *Id*. at 1775. The Court notes that *Plaintiff's Supplemental* sought fees and rates higher than those requested in the *Fee Motion*. Defendants argue that Plaintiff "failed to provide all of the information required for the Court to perform its review of the stipulated lodestar." *Id.* at 1774. Defendants provided the Court with the final timesheet the parties agreed upon, the January 26, 2023 timesheets, attached as Exhibit H to *Defendants' Supplemental*. ECF No. 147-9.

7

The Court relies on Defendant's timekeeping records to determine the
reasonableness of the stipulated lodestar amount.

## DISCUSSION

### I.    Entitlement to Attorneys' Fees

Plaintiffs claim they are entitled to attorneys' fees under 42 U.S.C. § 1988 as
the prevailing party in their 42 U.S.C. § 1983 litigation against the Defendants.
ECF No. 142-1 at PageID.1526.  To be considered a "prevailing party," a party
must "succeed on any significant issue in litigation which achieves some of the
benefit the parties sought in bringing suit."  *Farrar v. Hobby*, 506 U.S. 103, 109
(1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (citation omitted).
Under § 1988:

> [T]he court, in its discretion, may allow the prevailing party, other than the
> United States, a reasonable attorney's fee as part of the costs . . .

42 U.S.C. § 1988(b).  In this case, Defendant concedes that Plaintiff is the
prevailing party and is entitled to an award of reasonable fees.  ECF No. 143-1 at
PageID.1591 & 1599.  The Court agrees that Plaintiff is the prevailing party in this
case and is entitled to attorneys' fees under 42 U.S.C. § 1988.

### II.    Reasonable Attorneys' Fees

The Court has jurisdiction over this case pursuant to federal question
jurisdiction and thus reasonable attorneys' fees are based on the traditional
"lodestar" calculation, which multiplies (1) the number of hours reasonably

expended by (2) a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may be adjusted based on an evaluation of the factors in *Kerr*, which have not been subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). There is a strong presumption that the lodestar amount calculated is reasonable. *See Fischer*, 214 F.3d at 1119 n.4 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

The parties have agreed to a lodestar amount of $119,630.84. ECF No. 140; ECF No. 142-2 at PageID.1541. The following is a chart summarizing the amount of attorneys' fees requested in the *Fee Motion*:

| Timekeeper | Rate | Hours | Total | Tax | Total with Tax |
|---|---|---|---|---|---|
| Megan K. Kau | $380.00 | 104.5 | $39,710.00 | $1,871.14 | $41,581.14 |
| Audrey Stanley | $250.00 | 103.2 | $25,030.00 | $1,179.41 | $26,209.41 |
| Roman Amaguin | $350.00 | 141.45 | $49,507.50 | $2,332.79 | $51,840.29 |
| | | **Total:** | $114,247.50 | | $119,630.84 |

The parties have also agreed that the only factors not subsumed in the lodestar are:

> (4) the preclusion of other employment by the attorney due to acceptance of the case;

> (8) the amount involved and the results obtained;

> (10) the undesirability of the case;

> (11) the nature and length of the professional relationship with the client; and

> (12) awards in similar cases.

ECF No. 142-1 at PageID.1528; ECF No. 143-1 at PageID.1601 (citing *Kerr*, 526 F.2d at 70. The Court shall evaluate the stipulated lodestar amount to verify that the amount requested is reasonable and shall then determine whether reductions are warranted.

### A. <u>Reasonable Hourly Rate</u>

In the *Fee Motion*, Plaintiff requests an hourly rate of $380.00 for attorney Megan Kau, $250.00 for attorney Audrey Stanley and $350 for attorney Roman Amaguin as summarized below. ECF No. 142-2 at PageID.1541-1542.

| *Timekeeper* | *Rate* |
|---|---|
| Megan K. Kau | $380.00 |
| Audrey Stanley | $250.00 |
| Roman Amaguin | $350.00 |

*Id*. Plaintiff claims that "[t]he parties agreed to a $150.00 rate for some entries where Ms. Stanley was performing a mixture of attorney and paralegal work[,]" but fails to indicate which portion of the hours expended are billed at the $150.00

rate.  ECF No. 142-2 at PageID.1541, n.83.  However, *Plaintiff's Supplemental*

sings a different tune regarding the reasonable hourly rate for attorney Megan Kau.

*Plaintiff's Supplemental* argues that an hourly rate of $400.00 is reasonable despite

the fact that Plaintiff had stipulated to and originally requested in the *Fee Motion* a

rate of $380.00 an hour.  ECF No. 146 at PageID.1688-1689.  The Court shall

disregard Plaintiff's request for higher fees.  Plaintiff cannot now change its

request, particularly where leave to supplement was given specifically to allow

Plaintiff to submit timesheets for the stipulated lodestar amount requested in the

*Fee Motion*.  As the Defendants have pointed out, the Court was well within its

discretion to deny Plaintiff's *Fee Motion* at the outset when Plaintiff failed to

provide all timekeeping documentation in its *Fee Motion*.  *See* LR54.2(h).

 The Court begins its evaluation by determining the reasonable hourly rate by

assessing the prevailing market rate in the relevant community for similar work

performed by attorneys of comparable skill, experience, and reputation.  *Roberts v.*

*City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (citing *Camacho v.*

*Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008); *Webb v. Ada County*, 285

F.3d 829, 840 (9th Cir. 2002); *Chalmers v. City of Los Angeles*, 796 F.2d 1205,

1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the

district court sits.  *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d

496, 500 (9th Cir. 1997)).  The relevant community in this case is the District of

Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to

support the requested hourly rate." *Roberts*, 938 F.3d at 1024 (citing *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983)) (*Camacho*, 523 F.3d at 980).  "The burden is

on the fee applicant 'to produce satisfactory evidence' of the prevailing market

rates." *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th

Cir. 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  In addition to their

own statements, attorneys are required to submit additional evidence that the rate

charged is reasonable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th

Cir. 1987). *See also Camacho*, 523 F.3d at 980 ("To inform and assist the court in

the exercise of its discretion, the burden is on the fee applicant to produce

satisfactory evidence—in addition to the attorney's own affidavits—that the

requested rates are in line with those prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation").

### 1.  <u>Reasonable Hourly Rate for Attorney Megan Kau</u>

In support of the hourly rate requested, Plaintiff submitted Ms. Kau's

curriculum vitae ("CV"), Ms. Kau's declaration and the declarations of three

attorneys from the community.  Ms. Kau states that she has been practicing law in

Hawaii from 2004 and has completed 25 jury trials when she was a deputy

prosecuting attorney, 19 jury trials as a criminal defense attorney and 4 civil trials. ECF No. 146-1 at PageID.1695-1696.  Ms. Kau states that she charged Defendant $400 per hour and normally charges other clients an hourly rate of $350.00 to $400.00 an hour.  *Id.*  The Court considered that in their declarations: (1) attorney Lyle Hosoda states that the hourly rate of $400 for Ms. Kau is "reasonable and consistent with the market rates for other attorneys and support personnel in Hawaiʻi" (ECF No. 146-8 at PageID.1757);  (2) attorney David Minkin states that the hourly rate of $350.00 an hour for Ms. Kau is reasonable (*Id.* at 1761); and (3) attorney James H. Wright claims that the hourly rate of $400.00 an hour for Ms. Kau is reasonable (*Id.* at 1764).  Taking into consideration this evidence and Ms. Kau's skill, level of experience (especially with jury trials) and reputation, and given that Hawaii is the relevant community and the work performed by Ms. Kau occurred in 2022 to 2023, the Court, based on its own knowledge of the rates awarded in this district, finds that the hourly rate of $340.00 is reasonable for Ms. Kau.  *See Roberts*, 938 F.3d at 1023; *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (the Ninth Circuit held that district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees).

## 2. <u>Reasonable Hourly Rate for Attorney Audrey Stanley</u>

Plaintiff also submitted Ms. Stanley's CV, Ms. Stanley's declaration and three declarations of attorneys from the community in support of the hourly rate of $250.00 for Ms. Stanley. Ms. Stanley states that she has almost fourteen years of experience in Hawaii as an attorney. ECF No. 146-2 at PageID.1701. A review of Ms. Stanley's CV shows that she has both civil and criminal litigation experience. Her last employment, prior to joining the Law Office of Megan K. Kau, LLC, was as deputy corporation counsel from 2019 through 2022. ECF No. 146-7 at PageID.1746. The Court also considered the declarations submitted by the three different attorneys who practice in this community: Attorney Lyle Hosoda claims that the hourly rate of $250.00 for work performed by Ms. Stanley is reasonable (ECF No. 146-8 at PageID.1757); attorney David Minkin claims that $250.00 per hour for Ms. Stanley is reasonable (*Id*. at 1761); attorney James H. Wright states that the hourly rate of $250.00 for Ms. Stanley is reasonable (*Id.* at 1764). The Court is well aware of the rates awarded in this district and finds that $250.00 is a reasonable hourly rate for work performed by Ms. Stanley. *See Roberts*, 938 F.3d at 1023; *Ingram*, 647 F.3d at 928.

Plaintiff also requests $150.00 per hour for work performed by Ms. Stanley where she was "performing a mixture of attorney and paralegal work." ECF No. 142-2 at PageID.1541, n.83. As noted earlier, Plaintiff did not provide the Court

with a summary of the hours expended at the $150.00 rate. *Id*. at 1541-1542. The Court parsed through the timekeeping entries provided by Defendants page-by-page and have determined that all timekeeping requested at the $150.00 rate are in fact clerical tasks that cannot be included in the lodestar amount. *See infra* Part II.B.2. Accordingly, the Court shall not evaluate whether $150.00 is a reasonable hourly rate for "paralegal work" performed by Ms. Stanley because in fact, all work performed at this rate is noncompensable.

### 3. <u>Reasonable Hourly Rate for Attorney Roman Amaguin</u>

Plaintiff's request for the hourly rate of $350.00 for work performed by attorney Roman Amaguin is supported by Mr. Amaguin's CV and declaration. Mr. Amaguin states that he has been practicing law in Hawaii for 27 years, and his CV shows that he had been a partner/director at Torkildson Katz Fonseca Hetherington & Moore from 1995 through 2006. ECF No. 146-3 at PageID.1702; ECF No. 146-7 at PageID.1752. Plaintiff did not submit declarations in support of Mr. Amaguin's fee from other attorneys as it did in support of the fees requested for Ms. Kau and Ms. Stanley. However, based on its knowledge of the prevailing rates in the community for similar services by lawyers of comparable skill, experience and reputation, the Court agrees that $350.00 per hour is reasonable for Mr. Amaguin. *See Roberts*, 938 F.3d at 1023; *Ingram v. Oroudjian*, 647 F.3d at 928.

The reasonable hourly rates awarded to Plaintiff's attorneys are as follows:

| Timekeeper | Rate |
|---|---|
| Megan K. Kau | $340.00 |
| Audrey Stanley | $250.00 |
| Roman Amaguin | $350.00 |

## B. Hours Reasonably Expended

The Court now turns to whether the fees requested are reasonably necessary to achieve the results obtained. *Barranco v. 3D Sys. Corp.*, Civ. No. 13-00412 LEK-RLP, 2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993). The Court again notes that Plaintiff failed to submit timesheets in its *Fee Motion* for work performed by attorneys Megan Kau and Audrey Stanley. The Court was well within its discretion to deny attorneys' fees for Ms. Kau and Ms. Stanley but elected to allow Plaintiff to supplement its *Fee Motion*. LR54.2(h).

### 1. Block-Billing

The Court finds that there are block-billed entries in the timesheets for attorneys Megan Kau, Audrey Stalney and Roman Amagui. "The district court may reduce the amount of requested fees . . . to account for block billing . . . as long as it provides an adequate explanation for its fee calculation." *Cook Productions, LLC v. Stewart*, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at 6 (D. Haw. Oct. 24, 2017) (citing *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 765 (9th Cir. 2015)). "District courts have the authority to reduce hours that are

16

billed in block format because such a billing style makes it difficult for courts to

ascertain how much time counsel expended on specific tasks. *Robinson v.*

*Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (citing *Welch v.*

*Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)).

The Court finds that the following entries are block billed and suggested a

reduction of 10% from each entry:

| Timekeeper | Date | Hours Requested | Hours Deducted | Description |
|---|---|---|---|---|
| Megan K. Kau | 11/3/22 | 1.6 | 0.2 | Review and revise damages calculation. Review Dkt. 56. Review potential motions in limine. |
| | 11/7/22 | 0.5 | 0.1 | Review AS emails re damages case law. Email client re damages. Revise jury instructions. |
| | 11/22/22 | 2.4 | 0.2 | Review and revise supplement memo supporting MIL 1 (v5) Review VIWP plan. |
| | 11/27/22 | 0.7 | 0.1 | Finalize examinations: Guzman, Molina, Nubla. Review and revise stipulation (v1). |
| | 11/28/22 | 1.4 | 0.1 | Review and revise Examinations: Guzman; Molina; Sugimura/Hokama/King. Review client's 11/24/22 emails [redaction] |
| | 12/1/22 | 0.9 | 0.1 | Review and revise examinations: Baz, Martin. Review court's verdict and instructions. |
| | 12/4/22 | 2.7 | 0.3 | Trial preparation rebuttal witness examinations. Call to client re same. |
| Audrey Stanley | 10/26/22 | 1.0 | 0.1 | Trial preparation Draft motion in limine to preclude evidence GET committee hearing meeting and investigative report, and draft motion in liming [sic] to preclude evidence that Plaintiff was at will (neither drafts are done) |
| Roman Amaguin | 12/30/20 | 1.0 | 0.1 | finalize charge of discrimination, including the declaration; draft letter to eeoc |
| | 6/14/21 | 1.0 | 0.1 | telcall with opposing counsel; draft waiver of service |
| | 7/28/21 | 5.0 | 0.5 | review and analyze defendants' 26 page motion for summary judgment [doc. 13] and Defendants Concise Statement of Facts in Support [Doc. 14] that had 470 pages of attachments to the concise statement |

| | | | |
|---|---|---|---|
| 2/23/22 | 5.0 | 0.5 | draft and revise responses to D's discovery requests; review documents Plaintiff sent and determined [sic] which documents were responsive to discovery requests, review Plaintiffs' discovery responses and finalize 54 discovery responses, and objections |
| 3/24/22 | 6.0 | 0.6 | draft 10-page motion for partial summary judgment on Count II [Doc. 39], and Concise Statement of Facts in Support [Doc. 4] selecting citations to include in the motion and conducting further research |
| 4/11/22 | 1.0 | 0.1 | draft demand letter seeking damages from Defendants and discuss with cl |

The following chart summarizes the reasonable hours after the deductions:

| *Timekeeper* | *Hours* |
|---|---|
| Megan K. Kau | 103.5 |
| Audrey Stanley | 103.1 |
| Roman Amaguin | 139.55 |

## 2.  **Clerical or Ministerial Tasks**

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate*."  Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii*, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (citation omitted).  Preparing documents for filing, filing documents with the Court, gathering documents for a hearing and the identification and organization of exhibits are clerical and noncompensable.  *See I.T. ex rel. Renee T. v. Dep't of Educ., Hawaii*, 18 F. Supp. 3d 1047, 1062 (D. Haw. 2014), *aff'd sub nom. I. T. by & through Renee & Floyd T. v. Dep't of Educ., Hawaii*, 700 F. App'x 596 (9th Cir. 2017) (citing *Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc.*, Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1,

2010), *adopted by Haw. Motorsports Inv., Inc. v. Clayton Group Servs. NC*, Civ.

No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)) (citation

omitted).  "[B]ates stamping and other labeling of documents" are clerical tasks.

*Bruser v. Bank of Hawaii as Tr., Hawaiian Tr. Co., Ltd.*, Civ. No. 14-00387 LEK-

WRP, 2020 WL 479261, at *6 (D. Haw. Jan. 29, 2020) (citation omitted).

The Court further finds that logging information is clerical, particularly

where no further explanation is provided.  *See Ctr. for Food Safety v. Vilsack*, No.

C-08-00484 JSW EDL, 2011 WL 6259894, at *1 (N.D. Cal. Nov. 15, 2011), *report*

*and recommendation adopted*, No. C 08-00484 JSW, 2011 WL 6259683 (N.D.

Cal. Dec. 15, 2011) (citing *Davis v. City & County of San Francisco*, 976 F.2d

1536, 1542 (9th Cir. 1992) ("It simply is not reasonable for a lawyer to bill, at her

regular hourly rate, for tasks that a non-attorney employed by her could perform at

a much lower cost.") (citation omitted).  "[C]oordinating service of documents; and

formatting or printing documents; reviewing court-generated notices; notifying

clients of court hearings; communications with court staff; scheduling; and

corresponding regarding deadlines" are all examples of clerical work.  *Hawaii Def.*

*Found. v. City & Cty. of Honolulu*, Civ. No. 12-00469 JMS-RLP, 2014 WL

2804445, at *8 (D. Haw. Apr. 22, 2014), *report and recommendation adopted as*

*modified*, Civ. No. 12-00469 JMS, 2014 WL 2804448 (D. Haw. June 19, 2014)

(citing *Ko Olina Dev., LLC v. Centex Homes,* Civ. No. 09–00272 DAE–LEK, 2011

WL 1235548, at *12 (D. Haw. Mar. 29, 2011)).  The Court finds that the following

entries are clerical:

| Timekeeper | Date | Hours Requested | Hours Deducted | Description |
|---|---|---|---|---|
| Audrey Stanley | 10/18/22 | 1.9 | 1.9 | Review discovery and contemporaneously create discovery log and case data form . . . (150/hour) |
| | 10/18/22 | 0.8 | 0.8 | Review pleadings and contemporaneously create pleading log and fill in case data form . . . (150/hour) |
| | 10/19/22 | 0.4 | 0.4 | Review pleadings and contemporaneously create pleading log and fill in case data form |
| | 10/20/22 | 2.0 | 2.0 | Review discovery and contemporaneously create discovery log and case data form . . . (150/hour) |
| | 10/20/22 | 0.1 | 0.1 | Review discovery and contemporaneously create discovery log and case data form . . . (150/hour) |
| | 10/20/22 | 0.8 | 0.8 | Review pleadings and contemporaneously create pleading log and fill in case data form . . . (150/hour) |
| | 10/21/22 | 1.5 | 1.5 | Review pleadings and contemporaneously create pleading log and fill in case data form |
| | 10/24/22 | 0.5 | 0.5 | Review and revise case data form . . . (150/hour) |
| | 10/31/22 | 0.6 | 0.6 | Review discovery and contemporaneously create discovery log and case data form . . . (150/hour) |
| | 11/4/22 | 0.8 | 0.8 | Trial preparation: include bate stamps in the timeline for Megan Kau prep |
| | 11/8/23 | 0.6 | 0.6 | Trial preparation: Create folders for trial preparation and select exhibits for Client preparation. |
| | 11/9/22 | 2.3 | 2.3 | Trial preparation: Create witness folders and extract documents from Defendants Concise Statement of Facts [Doc. 14] for each witness for witness preparation. |
| | 12/5/22 | 0.4 | 0.4 | Trial preparation Prepare exhibits 22 and 23 (testimony and documents submitted and available on the county's website) |

The Court denies all clerical tasks requested.  Even at a reduced rate, an attorney

may not charge fees for clerical tasks performed because such tasks should be

included in an attorneys' overhead costs. *Nicholas M. ex rel. Laura M.*, 2010 WL

234862, at *5. The following chart depicts the reasonable hours after all hours

spent on clerical work is deducted:

| *Timekeeper* | *Hours* |
|---|---|
| Megan K. Kau | 103.5 |
| Audrey Stanley | 90.4 |
| Roman Amaguin | 139.55 |

### 3. **Insufficient Documentation**

In order to meet its obligation to determine the reasonableness of the hours

requested, the Court must review an itemized log of hours and description of work

performed to make its determination. In this case, the Court directed Plaintiff to

submit such a log for the hours that it requested in the *Fee Motion*. Plaintiff, on his

own, decided to submit "evidence supporting the hours that counsel actually

worked at counsel's normal rates." ECF No. 146 at PageID.1687. Worse yet,

Plaintiff did not indicate in the time log which entries were reduced and/or

eliminated to arrive at the stipulated lodestar amount Plaintiff initially requested.

The Court finds that this constitutes insufficient documentation as the Court is

unable to determine which entries are included in the amount Plaintiff initially

requested. The Court declines to sort through entries that were not included in

Plaintiff's initial *Fee Motion* request.

This is the second instance where the Court is well within its discretion to

deny Plaintiff's fee request in its entirety pursuant to LR54.2(h). The rules state

that it is Plaintiff's duty to itemize the work performed and provide adequate

description of the services rendered, and Plaintiff failed to meet this requirement

even though given the opportunity to supplement the *Fee Motion*.  LR54.2(f)(2).

However, Defendants, respecting the *Stipulation* they have entered into with

Plaintiff, have provided a timekeeping log that the parties previously agreed

constitutes the entirety of the stipulated lodestar amount Plaintiff originally

requested in the *Fee Motion*.  ECF No. 147-9 (Exhibit "H").  "Instead, Defendants

do what Plaintiff was ordered but failed to do, provide support for the stipulated

lodestar."  ECF No. 147 at PageID.1784.  Rather than recommending the denial of

Plaintiff's fee request in its entirety, the Court shall use Defendants' Exhibit "H" to

determine the reasonableness of the proffered lodestar amount.

A "[r]eduction of the hours reported is warranted where counsel has

provided inadequate documentation." *Doe ex rel. Doe v. Keala*, 361 F. Supp. 2d

1171, 1184 (D. Haw. 2005) (citing *Chalmers v. City of Los Angeles*, 796 F.2d

1205, 1210 (9th Cir. 1986)) (citations omitted).  In this case, the Court finds it

appropriate to reduce the amount of fees requested due to counsel's failure to

provide adequate documentation of the hours being requested, failure to follow the

Court's instructions regarding the supplemental and failure to comply with the

Local Rules.  Although the Court is justified in reducing the lodestar figure by a

larger amount, the Court finds that in this case, a 10% reduction to the hours

requested by attorneys Megan Kau and Audrey Stanley is appropriate. The Court

shall not recommend a 10% reduction to attorney Roman Amaguin's fees because

Mr. Amaguin's timekeeping documentation in the *Fee Motion* was adequate.

Below summarizes the 10% reduction made to attorneys Megan Kau and Audrey

Stanley's timekeeping:

| Timekeeper | Hours | Reduce | Total Hours |
|---|---|---|---|
| Megan K. Kau | 103.5 | 10% | 93.15 |
| Audrey Stanley | 90.4 | 10% | 81.36 |
| Roman Amaguin | 139.55 | 0% | 139.55 |

## 4. **Results Obtained**

The Court is required to consider the "results obtained" or "the extent of

[Plaintiff's] success" when calculating the lodestar figure. *Morales v. City of San

Rafael*, 96 F.3d 359, 364 (9th Cir. 1996) (citing *Hensley*, 461 U.S. at 436).

> The product of reasonable hours times a reasonable rate does not end the
> inquiry. There remain other considerations that may lead the district court to
> adjust the fee upward or downward, including the important factor of the
> "results obtained." This factor is particularly crucial where a plaintiff is
> deemed "prevailing" even though he succeeded on only some of his claims
> for relief.

*Hensley*, 461 U.S. at 434. However, the damages recovered should not be the sole

indicator of Plaintiff's success. *Morales*, 96 F.3d at 364 (citing *Riverside v.

Rivera*, 477 U.S. 561, 574 (1986). The Court should consider nonmonetary

success such as whether the verdict established a deterrent and served a public

purpose. *Morales*, 96 F.3d at 364.

When determining whether reduction is appropriate, the Court must "(1) consider whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded ("step 1") and (2) consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award ("step [2]")." *Doe ex rel. Doe v. Keala*, 361 F. Supp. 2d 1171, 1185 (D. Haw. 2005) (citing *Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003)).  However, the Court should not "revisit the merits of each previously dismissed claim . . . [as a] request for attorney's fees should not result in a second major litigation."  *Schwarz v. Secretary of Health & Human Svcs.*, 73 F.3d 895, 902 (9th Cir. 1995) (citation omitted).

Step 1 of the consideration requires the Court to determine whether the claims are related or unrelated.  Defendants argue that Plaintiff's claims "arise out of a common core of facts—the events surrounding his termination—such that they are related."  ECF No. 143-1 at PageID.1604.  This Court agrees.  "[C]laims are related if they 'involve a common core of facts or [are] based on related legal theories.'"  *Schwarz*, 73 F.3d at 902 (citing *Hensley*, 461 U.S. at 434-35). "[C]laims are unrelated if they are 'distinctly different claims for relief that are based on different facts and legal theories.'"  *Id.*  The Court notes that "[t]he test for relatedness of claims is not precise[.]"  *Id.* at 903 (citing *Thorne*, 802 F.2d at 1141).

24

> [T]he test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised . . . [t]hus, the focus is to be on whether the unsuccessful and successful claims arose out of the same "course of conduct."

*Schwarz*, 73 F.3d at 903 (citations omitted).  The claims are related because they arise out of the same course of conduct, which is the process/procedure leading to Plaintiff's termination.  When evaluating the legal theory under which Plaintiff's claims were brought, at first blush, it may appear that Plaintiff's *First* and *Second Claim* are related, and Plaintiff's *Third Claim* is not.  However, all three claims are based on the legal theory that Defendants engaged in unlawful conduct to terminate Plaintiff.

The Court now turns to Step 2.  Because the claims are related, the Court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation . . . a plaintiff who has won substantial relief should not have [his] attorney's fee reduced simply because the district court did not adopt each contention raised."  *Schwarz*, 73 F.3d at 901 (citation omitted).  The question before the Court is whether Plaintiff's success was substantial such that Plaintiff achieved "excellent results" where "full compensation may be appropriate."  *Id.* at 902.  On the other hand, if Plaintiff's success is "limited," "full compensation may be excessive."  *Id.*

Defendants argue that while Plaintiff "recovered less than twenty percent of what he [sought]" as damages in his settlement demand letter and opening statement at trial, the fee award does not have to be proportionate to the amount of damages.  ECF No. 143-1 at PageID.1605 (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).  However, Defendants argue that because Plaintiff "only recovered a small fraction of the relief he repeatedly claimed he was entitled to," this "erod[es] the significance of his success[.]"  ECF No. 143-1 at PageID.1605.  Plaintiff counters that his prior settlement demands are irrelevant and cases cited by the Defendants are distinguishable from this case.  ECF No. 144 at PageID.1662-1664.

The Court finds Defendants' argument persuasive.  In assessing whether Plaintiff's success was "excellent" or "limited," the Court must evaluate the context in which Plaintiff prevailed.  While the amount of damages Plaintiff recovered in trial in comparison to the amounts Plaintiff requested throughout litigation is disproportionately small, this is not the only consideration the Court evaluates.  As Defendant argues, the Court also evaluates the fact that the attorneys' fees requested exceeds the damages awarded (ECF No. 143-1 at PageID.1606); although Plaintiff prevailed on a constitutional issue, the lack of due process, such success has little public benefit as the process only applies to "the removal of a certain departmental director in Maui County" and thus is far from

being a substantial benefit to the public at large (Id. at1607-1608); and the jury found that Plaintiff's termination was justified despite the lack of due process surely affected the amount of damages (*Id*. at 1609-1610).

Plaintiff argues that each of these considerations—the amount of damages versus requested damages, the attorneys' fees awarded versus damages awarded, whether a substantial public benefit exists, and the fact that the jury found Plaintiff's termination was justified—should not warrant a reduction in the amount of fees requested, but fails to persuade the Court that these considerations, when viewed as a whole, do not constitute limited success. The Court finds that Plaintiff's success is limited and a reduction of the attorneys' fees requested is appropriate in this case. In light of the overwhelming number of considerations indicating that Plaintiff's success was limited and that a downward reduction is necessary, the Court finds that a 30% reduction of the requested attorneys' fees appropriately reflect the limitations to Plaintiff's success. *See Doe ex rel. Doe v. Keala*, 361 F. Supp. 2d 1171, 1187–88 (D. Haw. 2005) ("The Court finds that a 30% reduction is appropriate to account for the modest . . . damage award and the limited public policy aspect of the judgment obtained[.]").

The following chart reflects a 30% reduction to the hours for the "results obtained" after accounting for the reductions for block-billing, clerical entries and insufficient documentation:

| Timekeeper | Hours | Reduce | Total Hours |
|---|---|---|---|
| Megan K. Kau | 93.15 | 30% | 65.2 |
| Audrey Stanley | 81.36 | 30% | 57.0 |
| Roman Amaguin | 139.55 | 30% | 97.7 |

## 5. **Total Lodestar Amount**

Using the reasonable hourly rate and the hours reasonably expended as determined by this Court, the Court finds that the following chart depicts the lodestar amount:

| Timekeeper | Rate | Hours | Total | Tax | Total with Tax |
|---|---|---|---|---|---|
| Megan K. Kau | $340.00 | 65.2 | $22,169.70 | $1,044.64 | $23,214.34 |
| Audrey Stanley | $250.00 | 57.0 | $14,238.00 | $670.89 | $14,908.89 |
| Roman Amaguin | $350.00 | 97.7 | $34,189.75 | $1,611.02 | $35,800.77 |
| | | **_Total:_** | $70,597.45 | | $73,924.00 |

The lodestar amount should be $70,597.45. The total lodestar amount with taxes is $73,924.00.

## 6. **Fee Request for Work Performed on the _Fee Motion_, _Reply_ and _Plaintiff's Supplemental_**

Plaintiff requests attorneys' fees in the amount of $4,319.37 for the _Fee Motion_ (ECF No. 142-1 at PageID.1538; ECF No. 142-7 at PageID.1559); $2,581.15 for work performed in drafting the _Reply_ (ECF No. 144 at PageID.1674; ECF No. 144-2 at PageID.1677); and $2,492.15 in attorneys' fees for _Plaintiff's Supplemental_ (ECF No. 146 at PageID.1694; ECF No. 146-9 at PageID.1766). The Court has carefully reviewed Plaintiff's timekeeping for the _Fee Motion_ and finds that hours expended in the preparation of the _Fee Motion_ are reasonable. The

Court thus recalculates the amount using the reasonable hourly rate awarded.  The

total attorneys' fees awarded for the *Fee Motion*, inclusive of GET, is $4,292.14 as

shown below.

| Timekeeper | Rate | Hours | Total | Tax | Total with Tax |
|---|---|---|---|---|---|
| Megan K. Kau | $340.00 | 1.1 | $374.00 | $17.62 | $391.62 |
| Audrey Stanley | $250.00 | 14.9 | $3,725.00 | $175.52 | $3,900.52 |
| Roman Amaguin | $350.00 | 0.0 | $0.00 | $0.00 | $0.00 |
| | | *Total:* | $4,099.00 | | $4,292.14 |

The Court also carefully reviewed Plaintiff's timekeeping for the *Reply* and finds

that the hours worked are reasonable.  The Court thus recalculates the total

attorneys' fees using the reasonable hourly rate awarded as shown below.  The

total attorneys' fees awarded for the *Reply*, inclusive of GET, is $2,560.21.

| Timekeeper | Rate | Hours | Total | Tax | Total with Tax |
|---|---|---|---|---|---|
| Megan K. Kau | $340.00 | 0.5 | $170.00 | $8.01 | $178.01 |
| Audrey Stanley | $250.00 | 9.1 | $2,275.00 | $107.20 | $2,382.20 |
| Roman Amaguin | $350.00 | 0.0 | $0.00 | $0.00 | $0.00 |
| | | *Total:* | $2,445.00 | | $2,560.21 |

The parties, however, disagree as to whether Plaintiff should be awarded attorneys'

fees for preparing *Plaintiff's Supplemental*.  Defendants argue that "reasonably

competent counsel do not require an order of the court and additional briefing to

provide the materials to properly support an attorney's fee motion.  Plaintiff cannot

collect fees only incurred because of his attorneys' failures and should receive

nothing for the *[Plaintiff's Supplemental]*."  ECF No. 147 at PageID.1788.  The

Court finds that while Defendants are correct that Plaintiff's attorneys should not

be able to gain a windfall for their own failure, the Court notes that a 10%

deduction for insufficient documentation has already been made to the lodestar

amount to account for this failure.  *See supra* Part II.B.3.

The Court shall award Plaintiff its reasonable attorneys' fees for work

performed on *Plaintiff's Supplemental.*  However, after a review of Plaintiff's

timekeeping, the Court finds that there are block-billed entries and clerical tasks

included within Plaintiff's request.  The Court declines to award the following

entries for the reasons stated previously for block-billed and clerical entries:

| Timekeeper | Date | Reason | Hours Requested | Hours Deducted | Hours Awarded | Description |
|---|---|---|---|---|---|---|
| Audrey Stanley | 6/6/23 | Block-Billing & Clerical | 1.3 | 0.6 | 0.7 | Supplement to fee motion (background and hourly rates portion) and pull exhibits 1-3. |
| | 6/8/23 | Block-Billing & Clerical | 1.2 | 0.6 | 0.6 | Supplement to fee motion v.3, drafting declarations, compiling exhibit 4, and including Yoro 7 and 8 (portions of body worn camera footage). |
| | 6/8/23 | Clerical | 0.5 | 0.5 | 0.0 | Review discovery and contemporaneously create discovery log and [sic] |
| | 6/8/23 | Clerical | 0.3 | 0.3 | 0.0 | Compile exhibit 3. |
| | | | ***Total:*** | 2.0 | 1.3 | |

*See* Part II.B.1 & 2.  The reasonable attorneys' fees for work performed on

Plaintiff's Supplemental, inclusive of GET, is $1,830.37 as summarized below:

| Timekeeper | Rate | Hours | Total | Tax | Total with Tax |
|---|---|---|---|---|---|
| Megan K. Kau | $340.00 | 2.2 | $748.00 | $35.25 | $783.25 |
| Audrey Stanley | $250.00 | 4.0 | $1,000.00 | $47.12 | $1,047.12 |

| Roman Amaguin | $350.00 | 0.0 | $0.00 | $0.00 | $0.00 |
| | | ***Total:*** | $1,748.00 | | $1,830.37 |

Accordingly, the Court awards Plaintiff a total of $8,682.72, inclusive of GET, for work performed on the *Fee Motion*, *Reply* and *Plaintiff's Supplemental*.

### 7. **Kerr Factors; Reductions to the Lodestar Amount**

The Court has evaluated the *Kerr* factors to determine if any downward adjustment is needed. In the Ninth Circuit:

> The factors enunciated by this court in *Kerr* were intended to provide district courts with guidance in making the determination of the number of hours reasonably expended on litigation and the reasonable hourly rate. Those factors were never intended to be exhaustive or exclusive. What remains important is that the district court articulate with sufficient clarity the manner in which it makes its determination of a reasonable hourly rate and the number of hours which should reasonably be compensated.

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citation omitted). The Court finds that it has sufficiently articulated its calculation of the reasonable hours of work performed on this case by reducing the requested amount for block-billed entries, clerical entries, insufficient documentation, and Plaintiff's limited success. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) ("the Supreme Court explained that, in cases where the civil rights plaintiff receives only limited or 'technical' success, the district court can simply award 'low fees or no fees'

without reciting the *Kerr* factors") (citation omitted).  Accordingly, the Court need

not address any reductions in the context of the *Kerr* factors.

### III.    **Nontaxable Expenses**

The parties have agreed in the *Stipulation* that Plaintiff is entitled to

expenses in the amount of $136.42.  ECF No. 140.  Plaintiff provides receipts for

parking paid.  ECF No. 146-1 at PageID.1697; ECF No. 146-6 at PageID.1740-

1745.  The total amount of these receipts is $120.00, but there is no evidence or

explanation as to the $16.42 difference between the amount of expenses requested

and the receipts provided.  The Court thus award Plaintiff expenses in the amount

of $120.00.

### IV.    **Post-Judgment Interest**

Plaintiff seeks an award of post-judgment interest pursuant to 28 U.S.C. §

1961.  ECF No. 142-1 at PageID.1527.  The Court GRANTS Plaintiff's request.

"The statute applies to awards of attorneys' fees and costs under §1988."  *Friend v.*

*Kolodzieczak*, 72 F.3d 1386, 1391 (9th Cir. 1995) (citing *Spain v. Mountanos,* 690

F.2d 742, 747–48 (9th Cir. 1982)).  "Interest runs from the date that entitlement to

fees is secured, rather than from the date that the exact quantity of fees is set."  *Id.*

(citations omitted).

## <u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's *Fee Motion*.  The Court **RECOMMENDS** that the district court **GRANT** Plaintiff's attorneys' fees in the amount of $73,924.00, inclusive of GET, for work performed on this case and in the amount of $8,682.72, inclusive of GET, for work performed on the *Fee Motion*, *Reply* and *Plaintiff's Supplement*.  The Court **RECOMMENDS** that Plaintiff be awarded $120.00 in nontaxable expenses and **FINDS** that Plaintiff is entitled to post-judgment interest.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 1, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00202 DKW-RT;  *Donald S. Guzman vs. County of Maui,  Maui County Council, Mayor Michael Victorino, in His Official Capacity*;  Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees, Nontaxable Expenses, and Post Judgment Interest